UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY KPANI LARYEA,

                Plaintiff,

      -against-

ADA GUILLOD, Assistant Chief Counsel;
BARBARA NELSON, Immigration Judge;
DEPARTMENT OF HOMELAND SECURITY
(DHS),

                Defendants.

24-CV-2695 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action arguing that, as the spouse of a diversity visa lottery winner, he is entitled to adjustment of his immigration status. He has ongoing proceedings before an Immigration Judge.

By order dated April 11, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. Plaintiff Henry Kpani Laryea is a citizen of Ghana. (ECF 1 at 16.) When he was 21 years old, in November 1998, Plaintiff came to the United States on an F-1 visa. (*Id.*) On July 21, 2011, Plaintiff was served with a notice to appear, initiating removal proceedings against him. (*Id.*)

More than a decade later, on April 14, 2022, Plaintiff married Samantha de Klerk, a citizen of South Africa, who was a 2022 diversity visa lottery winner. (*Id.* at 5, 12.) On September 26, 2022, Plaintiff filed an application for adjustment of status "as a derivative spouse of a diversity lottery winner from South Africa." (*Id.* at 5.) Plaintiff's wife is now a lawful permanent resident. (*Id.* at 10.)

On December 1, 2022, Plaintiff had a hearing before Immigration Judge Barbara Nelson regarding adjustment of his immigration status. (*Id.* at 5.) On September 1, 2023, Plaintiff had another appearance, and, at that hearing, attorney Ada Guillod from the Department of Homeland Security (DHS) gave Plaintiff a list of required documents. (*Id.*)

At Plaintiff's next hearing, on April 4, 2024, DHS attorney Guillod relied on *Nyaga v. Ashcroft*, 323 F.3d 906 (11th Cir. 2003), to argue that, in her view, Plaintiff was ineligible for adjustment of status in connection with the 2022 diversity visa lottery because fiscal year 2022

had ended. (*Id.* at 6.) Plaintiff contends in his complaint that his situation is distinguishable from that of the plaintiff in *Nyaga*, because his spouse has already received her "green card." (*Id.*)

Plaintiff asserts that he "qualified to receive [his] green card 2 years ago, and Ms. Ada Guillod and Judge Barbara Nelson are at this point depriving me of something I am due and have paid for. I paid $1,225 to file my application with USCIS." (*Id.*)

## DISCUSSION

Plaintiff contends that he is entitled to receive his "green card" (ECF 1 at 5), referring to the card issued to lawful permanent residents of the United States. The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361. Because Plaintiff contends that he has a right to relief from a federal agency or officer (the DHS or Immigration Judge Barbara Nelson), and asks this Court to award him the relief that he argues that he is due, the Court construes this application as a petition for a writ of mandamus.

Mandamus relief is a drastic remedy that should be used only in extraordinary circumstances. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must show that: "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to . . . the [relief] is clear and indisputable, and (3) the [relief] is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted, first alteration in original). Plaintiff has not satisfied any of these elements.

Plaintiff has ongoing proceedings before the Immigration Court, and the DHS attorney has argued that he is not entitled to adjustment of status. The Immigration Judge will make a determination about whether Plaintiff is entitled to relief, and if Plaintiff disagrees with that

determination, he can pursue any appeal rights available to him. Plaintiff's application does not demonstrate any "clear and indisputable" right to relief, or that relief is appropriate under the circumstances. The Court therefore denies the petition for a writ of mandamus.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint or petition to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's petition cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The petition for a writ of mandamus, filed *in forma pauperis* under 28 U.S.C. § 1915, is dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: April 29, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge